FRIEDRICH, Appellant, vs. BOULTON, Respondent.

*November 19—December 14, 1920.*

*Automobiles: Collision with other vehicle: Contributory negligence.*

In an action against an automobile driver for injuries to the rider of a bicycle, where the jury found that defendant was not at fault, the question whether or not plaintiff was negligent became immaterial.

APPEAL from a judgment of the circuit court for Milwaukee county: OSCAR M. FRITZ, Circuit Judge. *Affirmed.*

Personal injury. This case was once before in this court and is reported in 164 Wis. 526, 159 N. W. 803, where a full statement of the facts is given, illustrated by a diagram. We shall not repeat the statement here. There was a new trial in the circuit court. The matter was submitted to the jury, which found a special verdict as follows:

First. The defendant did not fail to exercise ordinary care in operating his automobile as it approached and collided with the plaintiff.

Second. Not answered.

Third. The plaintiff was guilty of negligence in riding on the path he did in view of the condition of the street, the other vehicles that were going over the viaduct at this time, and the requirements of the ordinance that he keep to the right and as near to the right-hand curb as possible.

Fourth. Such negligence proximately contributed to produce his injury.

Fifth. The plaintiff did not fail to exercise ordinary care in operating his bicycle as he approached the place of collision.

Sixth. Not answered.

Seventh. Plaintiff's damages were assessed at $1,800.

There were the usual motions. The defendant's motion that the complaint be dismissed upon the merits was granted and judgment was entered accordingly, from which the plaintiff appeals.

For the appellant there was a brief by *Lawrence A. Olwell* and *Olwell, Durant & Brady,* all of Milwaukee, and oral argument by *Lawrence A. Olwell.*

For the respondent there was a brief by *Doerfler, Bender & McIntyre* of Milwaukee, and oral argument by *E. L. McIntyre.*

ROSENBERRY, J. The sole error complained of is an instruction of the court relative to sec. 1, ch. 1, of an ordinance of the city of Milwaukee which provides: "Vehicles

shall keep to the right and as near to the right-hand curb as possible." The instruction was:

"The requirements of the ordinance which are referred to in question No. 3, you will understand to be the provisions of the ordinances of the city of Milwaukee that vehicles shall keep to the right and as near to the right-hand curb as possible."

The court also instructed the jury:

"You are instructed that the law did not absolutely preclude the defendant from going to the left of the center of the street the distance reasonably required to enable him to pass other vehicles proceeding in the same direction. If he passed them at all, the law required him to pass to the left of them; and if there was ample opportunity for him to do so and still leave an abundance of room for the plaintiff to pass in the opposite direction, provided he paid reasonable attention to his movements, then the defendant might go as far to the left of the center of the street in passing those vehicles ahead of him as was reasonably necessary."

It is contended that:

"From the first of these quoted instructions the jury are given to understand that an absolute duty devolved upon plaintiff to keep and be at the time of the accident as near the right-hand curb as possible. By the latter quoted instruction the jury were instructed that the defendant had the right to go to the left of the center of the street in passing the coal wagon. Therefore, inasmuch as the plaintiff himself admitted he was, from choice and not from physical necessity, about eleven feet away from the curb at the time of the accident, the jury, because of these instructions, were bound to find that defendant was not negligent and that plaintiff was negligent, regardless of any other circumstances in the case. That the jury so considered the instructions is made obvious by their answer to question No. 5 of the special verdict. They found there that plaintiff was in nowise negligent in operating his bicycle at the time. His only other possible negligence, therefore, was in being at a distance from the curb where, according to the bare terms of the ordinance, he had no right to be, and where the defendant, under the specific instructions of the court, had a right to be."

The argument is that, by reason of the alleged error of the court, the jury were compelled to free the defendant from negligence and find the plaintiff guilty thereof. In the view that we take of the case we are not required to determine whether or not the instruction complained of was erroneous. A full consideration of that question involves a consideration of the validity of the ordinance, a question not argued or presented here. We are unable to see how or in what way the instruction relating to the ordinance referred to in question No. 3 affected the finding of the jury made in response to the first question that the defendant was not guilty of negligence. The jury were fully and correctly instructed as to the duty of the defendant in passing vehicles and what would constitute a want of ordinary care on his part. The instruction was as follows:

"It is the duty of every operator or driver of a vehicle to exercise ordinary care to keep his vehicle under control, with a view of avoiding danger or injury to others. It is his duty to keep his vehicle under such control as will be adequate to prevent probable injury under the circumstances then and there existing, in so far as they are known, or ought in the exercise of ordinary care to be known, or to be anticipated by him, and it is his duty to operate and control his vehicle in such manner as not to fail to perform any duty imposed upon him by law or to violate any of the laws of this state. And you will understand that the operation or control of such a vehicle in such manner as to fail to perform any such duty or as to violate any such law constitutes negligence or a want of ordinary care on the part of the driver thereof."

The instruction required the jury to find that the defendant was in the exercise of ordinary care, taking into account the presence of the plaintiff. Under the instruction as given, the plaintiff's negligence constitutes no excuse or justification for defendant's want of ordinary care. Nevertheless, the jury found the defendant was not at fault. If the defendant was not negligent he is not liable, and whether or not the plaintiff was guilty of negligence becomes an im-

material question.  Therefore the judgment of the circuit court was right.

*By the Court.*—Judgment affirmed.